JUDGE SCHEINDLIN

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ICELAND HEALTH, INC.,                    :
                                         :
                          Plaintiff,     :          Case No. _____
                                         :
          v.                             :
                                         :
ICELANDIRECT, INC. and                   :          Jury Trial Demanded
MARK H. STENBERG                         :
                                         :
                          Defendants.    :

## COMPLAINT

Plaintiff Iceland Health, Inc., for their Complaint against Defendants Icelandirect, Inc. and Mark H. Stenberg, hereby alleges:

### NATURE OF THE ACTION

1.    This is an action for: (1) infringement of Plaintiff's federally registered trademark "ICELAND HEALTH" under Section 32 of the Lanham Act, 15 U.S.C § 1114(a); (2) infringement of Plaintiff's common law trademark "ICELAND HEALTH"; (3) false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (4) unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (5) false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (6) federal dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); (7) violation of the New York Deceptive Trade Practices Law, N.Y. GBS. LAW § 349; (8) violation of common law unfair competition; (9) common law trade secret misappropriation; and (10) breach of contract.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction over the subject matter of this action and of the parties pursuant to 28 U.S.C. §§ 1331, 1332, 1338 and 1367; and 15 U.S.C. § 1121.

3.      Venue is proper under 28 U.S.C. § 1391(b) and (c), and the New York Long Arm Statute, N.Y. C.P.L.R. § 302 *et seq.* A substantial part of the events or omissions giving rise to the claims occurred in this judicial district. Defendants have incorporated and reside in this judicial district.  Stenberg has contractually agreed to be sued in the federal courts located in New York.

## THE PARTIES

4.      Plaintiff Iceland Health, Inc. ("Plaintiff") is a corporation organized and existing under the laws of Florida, with its principal place of business at 1301 Sawgrass Corporate Parkway, Sunrise, FL 33323.

5.      Defendant Icelandirect, Inc. ("ID") is, upon information and belief, a New York corporation having a principal place of business at 381 Fifth Ave., 3rd Floor, New York, NY 10016.

6.      Defendant Mark H. Stenberg ("Stenberg") is, upon information and belief, the CEO of Icelandirect, Inc., and resides at 1324 Lexington Ave., Suite 170, New York, NY 10128.

7.      Defendants are collectively referred to herein as "Defendants."

## FACTUAL BACKGROUND

### Defendants' Misappropriation of Plaintiff's Trademarks

8.      Plaintiff is engaged in the business of manufacturing and packaging nutritional supplements which are sold under the well-known ICELAND HEALTH brand.

9.      Plaintiff is the owner of U.S. Trademark Registration No. 2,784,439 for "ICELANDHEALTH" which is used in connection with "dietary supplements."  The ICELANDHEALTH trademark was registered on November 18, 2003 and has become incontestable within the meaning of 15 U.S.C. § 1065.  A copy of the registration for the

2

ICELANDHEALTH trademark is attached hereto as Exhibit A and is incorporated herein by reference.

10.     Plaintiff is the owner of U.S. Trademark Registration No. 3,970,780 for "ICELAND HEALTH" (with design) which is used in connection with "dietary and nutritional supplements." The ICELAND HEALTH (with design) trademark was registered on May 31, 2011 as shown below:



11.     A copy of the registration for the ICELAND HEALTH (with design) trademark is attached hereto as Exhibit B and is incorporated herein by reference.

12.     Plaintiff is the owner of U.S. Trademark Registration No. 3,981,178 for "ICELAND HEALTH OMEGA ULTIMATE SHIELD" which is used in connection with "dietary and nutritional supplements containing Omega-3 fatty acids." The ICELAND HEALTH OMEGA ULTIMATE SHIELD trademark was registered on June 21, 2011.

13.     A copy of the registration for the ICELAND HEALTH OMEGA ULTIMATE SHIELD trademark is attached hereto as Exhibit C and is incorporated herein by reference.

14.     Plaintiff owns common law rights in the ICELAND HEALTH trademark. For over a decade, Plaintiff (and its predecessors) has sold a variety of dietary supplement products under the ICELAND HEALTH mark. Plaintiff's products include dietary supplements which are high in Omega-3 fatty acids, such as fish oil. Plaintiff's trademark rights in the ICELAND

3

HEALTH trademarks are collectively referred to herein as the "ICELAND HEALTH trademark."

15.     Plaintiff, directly and through its predecessors, has used and continues to use the ICELAND HEALTH trademark in interstate commerce since at least as early as February 1, 2002.

16.     Plaintiff has spent substantial time, effort and sums of money advertising, promoting and otherwise cultivating goodwill in the ICELAND HEALTH trademark, such that it has come to be associated with high quality goods and has attained secondary meaning in the minds of consumers as designating goods of particular origin, namely, with Plaintiff.

17.     The high quality of the Plaintiff's goods is important to Plaintiff's customers because ICELAND HEALTH products are ingested for their health benefits; safety and efficacy are extremely important.

18.     As a result of the long and extensive use and advertisement of the ICELAND HEALTH trademark in connection with Plaintiff's goods, the ICELAND HEALTH trademark has become closely associated with Plaintiff, has become exceedingly well-recognized and has acquired great value, and identifies Plaintiff and its goods exclusively.

19.     Upon information and belief, Defendant ID promotes and sells one or more fish oil supplement products, which compete with Plaintiff's fish oil products.

20.     ID promotes its fish oil products under the names ICELANDIC FORMULA and ICELANDIC FORMULA 4 (hereafter, the "ICELANDIC FORMULA" marks).  ID filed an application with the United States Patent and Trademark Office ("USPTO") to register the trademark ICELANDIC FORMULA 4 for use in connection with "dietary and nutritional

4

supplements; Dietary and nutritional supplements containing fish oil." ID also uses the federally registered ICELAND HEALTH trademark in promoting its ICELANDIC FORMULA products.

21.     Plaintiff's use and registration of the ICELAND HEALTH marks pre-dates any rights ID may have in the ICELANDIC FORMULA marks.

22.     The ICELANDIC FORMULA products are identical to Plaintiff's ICELAND HEALTH products.

23.     ID's use of the ICELANDIC FORMULA marks and the ICELAND HEALTH mark confuses consumers as to the source or sponsorship of ID's product. Plaintiff has received multiple phone calls from consumers who purchased ID's ICELANDIC FORMULA product thinking it was Plaintiff's ICELAND HEALTH product.

24.     Plaintiff has spent considerable time and money developing the overall look and feel of its product packaging and promotional materials. Plaintiff's packaging features predominantly light-blue and white colors.

25.     The packaging of ID's ICELANDIC FORMULA product also features predominantly light-blue and white colors.

26.     Plaintiff promotes its ICELAND HEALTH products using endorsements and advertising materials featuring Dr. Garry Gordon, MD, DO, MD(H).

27.     ID also promotes its ICELANDIC FORMULA products using endorsements and advertising materials featuring Dr. Garry Gordon, MD, DO, MD(H).

### Defendants' Misappropriation of Plaintiff's Trade Secrets

28.     Plaintiff has taken many years to establish its customer base and its customer and mailing lists are of considerable value to Plaintiff. Plaintiff has developed relationships with its customers, as well as highly confidential customer and mailing lists that have actual, independent

economic value and constitute trade secrets ("Plaintiff's trade secrets"). Plaintiff's trade secrets are not disclosed to the general public and are not disclosed to Plaintiff's competition.

29.     Plaintiff's trade secrets – the identity contact information of its customers – are understood to be confidential by Plaintiff's employees. Within Plaintiff, Plaintiff takes reasonable efforts to maintain the secrecy of its trade secrets. These efforts include: (1) trade secrets, such as customer lists, are only accessible to a limited number of Plaintiff's employees; (2) the CRM software which contains Plaintiff's customer lists is password-protected; (3) all vendors or consultants with access to any of Plaintiff's trade secrets have confidentiality provisions in their respective contracts, and are often required to sign separate non-disclosure agreements; (4) Plaintiff's sales agents are prohibited from having personal computers or cell phones in the sales area or call center in order to prevent them from downloading any customer information onto personal computers/cell phones; (5) terminated employees get post termination letters reminding them of their confidentiality obligations.

30.     Upon information and belief, Stenberg has wrongfully obtained Plaintiff's Trade Secrets and is using them to contact Plaintiff's customers.

31.     Upon information and belief, ID has wrongfully obtained Plaintiff's Trade Secrets and is using them to contact Plaintiff's customers.

## Stenberg's Breaches of Contracts with Plaintiff

32.     In or around August of 2006, Stenberg entered into an Amended and Restated Merger Agreement ("Merger Agreement") with Plaintiff's predecessor. The Merger Agreement was assigned to Plaintiff. Plaintiff and its predecessors have fulfilled all of their obligations to Stenberg under the Merger Agreement.

33.    The Merger Agreement states that Stenberg shall not directly or indirectly use the name or mark "ICELAND HEALTH", or any similar name or mark.

34.    Also in or around August of 2006, Stenberg entered into a Confidentiality and Non-Compete Agreement ("Non-Compete Agreement") with Plaintiff's predecessor. The Non-Compete Agreement was assigned to Plaintiff. Plaintiff and its predecessors have fulfilled all of their obligations to Stenberg under the Non-Compete Agreement.

35.    Pursuant to the terms of the Non-Compete Agreement, Stenberg agreed that he would not "directly or indirectly (whether through family members of other affiliated parties or otherwise) be employed or retained by, provide financing for, or solicit, contract or offer to provide or sell or purchase or otherwise deal in or with (i) any product that contains fish oil or Omega 3, or (ii) any product or service similar to or in competition with any product or service sold by [Plaintiff's predecessor in interest] at the time of termination of his employment or during the twelve months immediately preceding such termination." The foregoing restriction was effective until the fifth anniversary of execution of the Non-Compete Agreement (*i.e.* August 26, 2011).

36.    Upon information and belief, Stenberg founded Icelandirect, Inc. (Defendant ID in this case) on April 26, 2010. Upon information and belief, Stenberg currently serves as CEO of ID, and has held that position since ID was formed in April of 2010.

37.    ID provides, sells, purchases or otherwise deals in or with products containing fish oil or Omega 3.

38.    Upon information and belief, Stenberg and his company ID began using the trademark ICELANDIC FORMULA 4 in connection with "dietary and nutritional supplements containing fish oil" as early as April 22, 2010.

7

## COUNT I
### TRADEMARK INFRINGEMENT
### USE OF THE ICELAND HEALTH MARK
### (15 U.S.C. § 1114(a))

39.     Plaintiff realleges and incorporates herein by reference all of the allegations set forth in Paragraphs 1 through 38 above.

40.     Without Plaintiff's consent, ID is using the ICELAND HEALTH mark in interstate commerce in connection with a product which is identical to, and competes with, one or more of Plaintiff's ICELAND HEALTH products.  ID uses the ICELAND HEALTH mark throughout its website in text, links, META tags, as well as in internal "link farms" designed to increase ID's website visibility in search engines for terms such as "ICELAND HEALTH." Upon information and belief, ID purchases Key Words and AdWords with search engines such as Google and Yahoo which contain the ICELAND HEALTH mark so that when a consumer searches for ICELAND HEALTH, they are taken to ID's web site.

41.     Plaintiff has used the ICELAND HEALTH mark in connection with dietary supplements since long prior to ID's first use of the ICELAND HEALTH mark.

42.     ID's use of the ICELAND HEALTH mark in connection with dietary supplements is likely to cause confusion or mistake among consumers, including initial interest confusion, or to deceive consumers, as to the source of such goods, in violation of 15 U.S.C. § 1114(a).

43.     Upon information and belief, ID adopted and uses the ICELAND HEALTH mark in connection with their goods and commercial activities in bad faith and in willful disregard of Plaintiff's rights, with intent to trade on and appropriate the reputation and goodwill that Plaintiff has built up in the ICELAND HEALTH trademark, and to divert customers and revenue from Plaintiff.

8

44.     The aforementioned actions and activities of ID have caused and will continue to cause damage and irreparable harm and injury to Plaintiff unless and until such time as they are enjoined by this Court.

## COUNT II
## TRADEMARK INFRINGEMENT
## USE OF THE ICELANDIC FORMULA MARKS
## (15 U.S.C. § 1114(a))

45.     Plaintiff realleges and incorporates herein by reference all of the allegations set forth in Paragraphs 1 through 44 above.

46.     Without Plaintiff's consent, ID is using the ICELANDIC FORMULA marks in interstate commerce in connection with a product which is identical to, and competes with, one or more of Plaintiff's ICELAND HEALTH products.

47.     Plaintiff has used the ICELAND HEALTH mark in connection with dietary supplements since long prior to ID's first use of the ICELANDIC FORMULA marks.

48.     ID is attempting to register the ICELANDIC FORMULA 4 mark for use in connection with "dietary and nutritional supplements; Dietary and nutritional supplements containing fish oil."

49.     ID's use of the ICELANDIC FORMULA marks in connection with dietary supplements is likely to cause confusion or mistake among consumers, including initial interest confusion, or to deceive consumers, as to the source of such goods, in violation of 15 U.S.C. § 1114(a).

50.     Upon information and belief, ID adopted and uses the ICELANDIC FORMULA marks in connection with their goods and commercial activities in bad faith and in willful disregard of Plaintiff's rights, with intent to trade on and appropriate the reputation and goodwill

that Plaintiff has built up in the ICELAND HEALTH trademark, and to divert customers and revenue from Plaintiff.

51.    The aforementioned actions and activities of ID have caused and will continue to cause damage and irreparable harm and injury to Plaintiff unless and until such time as they are enjoined by this Court.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

52.    Plaintiff realleges and incorporates herein by reference all of the allegations set forth in Paragraphs 1 through 51 above.

53.    ID has engaged and continues to engage in acts of trademark infringement in violation of the common law of the State of New York.

54.    Plaintiff owns all rights, title and interest in and to the ICELAND HEALTH trademark, including all common law rights in such mark.

55.    Without Plaintiff's authorization, ID has used and continues to use spurious designations that are identical to, substantially indistinguishable from, or confusingly similar to the federally registered ICELAND HEALTH trademark.

56.    Upon information and belief, ID's adoption and use of the ICELANDIC FORMULA marks and ICELAND HEALTH mark were in bad faith and in willful disregard of Plaintiff's rights, with intent to trade on and appropriate the reputation and goodwill which Plaintiff has built up in the ICELAND HEALTH trademark, and to divert customers and revenues from Plaintiff.

57.    ID's acts constitute trademark infringement in violation of the common law of the State of New York.

10

58.     Upon information and belief, ID has made and will continue to make substantial profits and/or gains to which they are not entitled in either law or equity.

59.     The aforementioned actions and activities of ID have caused and will continue to cause damage and irreparable harm and injury to Plaintiff unless and until such time as they are enjoined by this Court.

## COUNT IV
## FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

60.     Plaintiff realleges and incorporates herein by reference all of the allegations set forth in Paragraphs 1 through 59 above.

61.     Without Plaintiff's consent, ID is using the ICELANDIC FORMULA and ICELAND HEALTH marks in commerce to promote dietary supplements. Such use is likely to cause confusion, or cause mistake, including initial interest confusion, or to deceive consumers as to the affiliation, connection or association of ID with Plaintiff, or as to the origin, sponsorship, or approval of ID's goods or commercial activities by Plaintiff, in violation of 15 U.S.C. § 1125(a).

62.     Without Plaintiff's consent, ID is using similar product packaging and promotional materials as Plaintiff to sell its ICELANDIC FORMULA product. ID also uses endorsements and advertising materials featuring the same doctor featured in Plaintiff's advertising, Dr. Garry Gordon, MD, DO, MD(H). ID's actions, taken together or in isolation, are likely to cause confusion, or cause mistake, including initial interest confusion, or to deceive consumers as to the affiliation, connection or association of ID with Plaintiff, or as to the origin, sponsorship, or approval of ID's goods or commercial activities by Plaintiff, in violation of 15 U.S.C. § 1125(a).

11

63.    Upon information and belief, ID's adoption and use of the ICELANDIC FORMULA and ICELAND HEALTH marks, use of similar packaging and promotions materials, and use of identical product endorsers in connection with their goods, and other commercial activities, was in bad faith and in willful disregard of Plaintiff's rights, with intent to trade on and appropriate the reputation and goodwill that Plaintiff has built up in the ICELAND HEALTH trademark, and to divert customers and revenue from Plaintiff.

64.    The aforementioned actions and activities of ID have caused and will continue to cause damage and irreparable harm and injury to Plaintiff unless and until such time as they are enjoined by this Court.

## COUNT V
## UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

65.    Plaintiff realleges and incorporates herein by reference all of the allegations set forth in Paragraphs 1 through 64 above.

66.    Without Plaintiff's consent, ID is using the ICELANDIC FORMULA and ICELAND HEALTH marks in commerce in connection with dietary supplements, which is likely to cause confusion, or cause mistake, including initial interest confusion, or to deceive consumers as to the affiliation, connection or association of ID with Plaintiff, or as to the origin, sponsorship, or approval of ID's goods or commercial activities by Plaintiff, in violation of 15 U.S.C. § 1125(a).

67.    Without Plaintiff's consent, ID is using similar product packaging and promotional materials, as well as endorsements from, and advertising materials featuring, Dr. Garry Gordon, MD, DO, MD(H), which taken together are likely to cause confusion, or cause mistake, including initial interest confusion, or to deceive consumers as to the affiliation,

12

connection or association of ID with Plaintiff, or as to the origin, sponsorship, or approval of

ID's goods or commercial activities by Plaintiff, in violation of 15 U.S.C. § 1125(a).

68.     Upon information and belief, ID's adoption and use of the ICELANDIC

FORMULA and ICELAND HEALTH marks, use of similar packaging and promotions

materials, and use of identical product endorsers in connection with their goods, and other

commercial activities, was in bad faith and in willful disregard of Plaintiff's rights, with intent to

trade on and appropriate the reputation and goodwill that Plaintiff has built up in the ICELAND

HEALTH trademark, and to divert customers and revenue from Plaintiff.

69.     The aforementioned actions have caused and will continue to cause damage and

irreparable harm and injury to Plaintiff unless and until such time as they are enjoined by this

Court.

**COUNT VI**
**FALSE ADVERTISING**
**(15 U.S.C. § 1125(a))**

70.     Plaintiff realleges and incorporates herein by reference all of the allegations set

forth in Paragraphs 1 through 69 above.

71.     Upon information and belief, ID makes several false or misleading descriptions of

fact, or false or misleading representations of fact in connection with the promotion and sale of

its ICELANDIC FORMULA products.  Upon information and belief, these include false or

misleading statements about ID's own products and false or misleading comparative advertising

statements concerning Plaintiff's products.

72.     ID makes the foregoing descriptions and representations in commercial

advertising or promotion of ID's products, which misrepresent the nature, characteristics, or

13

qualities of ID's goods and commercial activities, as well as the goods and commercial activities of Plaintiff.

73.     The aforementioned actions have caused and will continue to cause damage and irreparable harm and injury to Plaintiff unless and until such time as they are enjoined by this Court.

## COUNT VII
## TRADEMARK DILUTION
### (15 U.S.C. § 1125(c))

74.     Plaintiff realleges and incorporates herein by reference all of the allegations set forth in Paragraphs 1 through 73 above.

75.     The ICELAND HEALTH trademark is distinctive and famous, having been used by Plaintiff and its predecessors in connection with the promotion and sale of its goods for over a decade.

76.     ID began using the ICELANDIC FORMULA and ICELAND HEALTH marks after the ICELAND HEALTH trademark became famous, and thereby caused, and is causing, the dilution of the distinctive quality of the ICELAND HEALTH trademark in violation of 15 U.S.C. § 1125(c).

77.     Upon information and belief, ID's products are not subject to the same quality control measures as Plaintiff's products.

78.     Upon information and belief, the adoption and use by ID of the ICELANDIC FORMULA and ICELAND HEALTH marks in connection with its goods and commercial activities was in bad faith and in willful disregard of Plaintiff's rights, with intent to trade on and appropriate the reputation and goodwill which Plaintiff has built up in the ICELAND HEALTH trademark, and to divert customers and revenue from Plaintiff.

14

79.    The aforementioned actions and activities of ID have caused and will continue to cause damage and irreparable harm and injury to Plaintiff unless and until such time as they are enjoined by this Court.

### COUNT VIII
### NEW YORK DECEPTIVE TRADE PRACTICES
### (N.Y. GBS. LAW § 349)

80.    Plaintiff realleges and incorporates herein by reference all of the allegations set forth in paragraphs 1 through 79 above.

81.    The foregoing acts of ID constitute a violation of New York Deceptive Trade Practices laws, General Business Law ("GBL") Section 349. ID's misleading acts were directed at consumers. Upon information and belief, ID's misleading acts have injured Plaintiff. ID's misleading acts have the capacity to mislead the consuming public. Upon information and belief, ID's misleading acts have harmed the public at large.

82.    Upon information and belief, ID has made and will continue to make substantial profits and/or gains to which they are not entitled in either law or equity.

83.    Upon information and belief, ID intends to continue their deceptive acts, unless restrained by this Court.

84.    Upon information and belief, ID's acts were in bad faith and willful disregard of Plaintiff's rights.

85.    ID's acts have damaged and will continue to damage Plaintiff and Plaintiff has no adequate remedy at law.

### COUNT IX
### VIOLATION OF COMMON LAW UNFAIR COMPETITION

86.    Plaintiff realleges and incorporates herein by reference all of the allegations set forth in paragraphs 1 through 85 above.

87. Defendants activities have caused confusion with, or have been mistaken for, the plaintiff's activities in the mind of the public, or are likely to cause such confusion or mistake.

88. The aforementioned actions and activities of ID have caused and will continue to cause damage and irreparable harm and injury to Plaintiff unless and until such time as they are enjoined by this Court.

**COUNT X**
**COMMON LAW MISAPPROPRIATION OF TRADE SECRETS**

89. Plaintiff realleges and incorporates herein by reference all of the allegations set forth in paragraphs 1 through 88 above.

90. The foregoing acts of Defendants constitute trade secret misappropriation.

91. Plaintiff's confidential information constitutes trade secrets because: (1) they derive actual, independent economic value from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from their disclosure or use, and (2) are the subject of efforts that are reasonable under the circumstances to maintain their secrecy.

92. The Plaintiff's trade secrets are not published nor publicly disseminated, and are not a matter of general public knowledge.

93. Upon information and belief, Defendants' use of Plaintiff's trade secrets is in breach of the Non-Compete Agreement, in breach of a confidential relationship or duty, or are as a result of discovery by improper means.

94. Defendants' misappropriation of Plaintiff's trade secrets have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

## COUNT XI
### BREACH OF CONTRACT AS TO MARK H. STENBERG
### (Merger Agreement)

95.     Plaintiff realleges and incorporates herein by reference all of the allegations set forth in paragraphs 1 through 94 above.

96.     The Merger Agreement is a valid and enforceable contract between Stenberg and Plaintiff's predecessor. The Merger Agreement was assigned from Plaintiff's predecessor to Plaintiff. Plaintiff and its predecessor have fulfilled all obligations to Stenberg under the Merger Agreement.

97.     Stenberg breached the Merger Agreement by his use of the name or mark "ICELAND HEALTH" in the promotion of a competing supplement product. Stenberg also breached the Merger Agreement by his use of the name or mark ICELANDIRECT for his new company, and his use of the mark ICELANDIC FORMULA and/or ICELANDIC FORMULA 4 because those names and marks are similar to "ICELAND HEALTH."

98.     Upon information and belief, Stenberg breached the Merger Agreement willfully and with the intent to harm Plaintiff. Plaintiff has been harmed by ID's breaches.

## COUNT XII
### BREACH OF CONTRACT AS TO MARK H. STENBERG
### (Confidentiality and Non-Compete Agreement)

99.     Plaintiff realleges and incorporates herein by reference all of the allegations set forth in paragraphs 1 through 98 above.

100.    The Non-Compete Agreement is a valid and enforceable contract between Stenberg and Plaintiff's predecessor. The Non-Compete Agreement was assigned from Plaintiff's predecessor to Plaintiff. Plaintiff and its predecessor have fulfilled all obligations to Stenberg under the Non-Compete Agreement.

101.   Stenberg breached the Non-Compete Agreement when he formed Icelandirect, Inc. in April of 2010 for the purpose of providing, selling, purchasing or otherwise dealing in or with products containing fish oil or Omega 3.

102.   Upon information and belief, Stenberg breached the Non-Compete Agreement willfully and with the intent to harm Plaintiff. Plaintiff has been harmed by ID's breaches.

WHEREFORE, Plaintiff prays for relief as follows:

a.   that Defendant Iceland Direct, its officers, directors, principals, agents, servants, employees, successors, assigns, affiliates, licensees, manufacturers, distributors, and all that are in active concert or participation with it, or any of them, be preliminary and permanently enjoined from:

1.   infringing Plaintiff's ICELAND HEALTH trademark, including through use of the designation ICELANDIC FORMULA or ICELANDIC FORMULA 4, or any variation thereof which is confusingly similar to the Plaintiff's trademark;

2.   making any statement or representation whatsoever with respect to the infringing goods at issue that either falsely designates Plaintiff as the origin of the goods or is otherwise false or misleading;

3.   otherwise making unauthorized use of or infringing upon the ICELAND HEALTH trademark or other trademarks of Plaintiffs;

4.   any other conduct that would cause or is likely to cause confusion, mistake, or misunderstanding as to the source, affiliation, connection, or association of Iceland Direct or Iceland Direct's goods with Plaintiff or Plaintiff's goods;

5.   competing unfairly with Plaintiff in any manner; and

6.      engaging in any other activity, including the effectuation of assignments or transfers of their interests in counterfeits, simulations, reproductions, copies, or colorable imitations of the ICELAND HEALTH trademark, or any other intellectual property of Plaintiff, including the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth herein;

b.      that Iceland Direct deliver up during the pendency of this action and for destruction upon entry of judgment any and all copies of materials used by Iceland Direct to advertise, promote, or solicit sales of its goods using the designation ICELAND HEALTH, ICELANDIC FORMULA or ICELANDIC FORMULA 4;

c.      that Iceland Direct, its officers, directors, principals, agents, servants, employees, successors, assigns, affiliates, licensees, manufacturers, distributors, and all that are in active concert or participation with them, or any of them, be preliminary and permanently enjoined from:

1.      possessing, disclosing, communicating, transmitting, using, copying, or threatening to disclose, communicate, transmit, use or copy, Plaintiff's confidential information, proprietary information and trade secrets.

d.      that Defendants deliver up during the pendency of this action and for destruction upon entry of judgment any and all copies of materials, including without limitation, notes, memoranda, correspondence, computer disks or files, containing any information related to Plaintiff's confidential information, proprietary information and trade secrets;

e.      that the Court award to Plaintiff the damages caused to Plaintiff by Defendants' unlawful activities, including exemplary damages;

19

f.      that the Court order Defendants to account for and pay over to Plaintiff all profits realized by Defendants in connection with its unlawful activities;

g.      that Defendants be ordered to pay Plaintiff punitive damages as provided by law;

h.      that Defendants be ordered to pay Plaintiff the costs of this action and reasonable attorney's fees and investigatory fees;

i.      that Defendants be ordered to pay Plaintiff prejudgment interest; and

j.      that the Court order such further and additional relief as it may deem just and proper.


## DEMAND FOR JURY TRIAL

Plaintiff requests trial by jury of all claims and issues so triable under law.

Joseph V. Saphia, jsaphia@wiggin.com
Laura A. Chubb, lchubb@wiggin.com
WIGGIN AND DANA LLP
450 Lexington Avenue, Suite 3800
New York, NY 10017
Phone: (212) 490-1700
Fax: (212) 490-0536

Ryan M. Kaiser, Esq.
Rakesh M. Amin, Esq.
AMIN TALATI, LLC
55 W. Monroe St., Suite 3400
Chicago, Illinois 60603
Telephone:  (312) 327-3328
Facsimile:  (312) 884-7352
E-mail:  ryan@amintalati.com
E-mail:  rakesh@amintalati.com


*Attorneys for Plaintiff*

# Exhibit A

Int. Cl.: 5

Prior U.S. Cls.: 6, 18, 44, 46, 51 and 52

**United States Patent and Trademark Office**

Reg. No. 2,784,439
Registered Nov. 18, 2003

### TRADEMARK
### PRINCIPAL REGISTER

## ICELANDHEALTH

ICELAND HEALTH, INC. (NEW YORK COR-
PORATION)
185 MADISON AVE. SUITE 1109
NEW YORK, NY 10016

FOR: DIETARY SUPPLEMENTS, IN CLASS 5 (U.S.
CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 2-1-2002; IN COMMERCE 2-1-2002.

SER. NO. 78-199,893, FILED 1-3-2003.

ARETHA MASTERSON, EXAMINING ATTORNEY

# Exhibit B

# United States of America

### United States Patent and Trademark Office



**Reg. No. 3,970,780**

**Registered May 31, 2011**

**Int. Cl.: 5**

**TRADEMARK**

**PRINCIPAL REGISTER**

ICELAND HEALTH, INC. (FLORIDA CORPORATION)
1301 SAWGRASS PARKWAY
SUNRISE, FL 33323

FOR: DIETARY AND NUTRITIONAL SUPPLEMENTS, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 4-0-2010; IN COMMERCE 4-0-2010.

OWNER OF U.S. REG. NO. 2,784,439.

THE COLOR(S) LIGHT BLUE AND DARK BLUE IS/ARE CLAIMED AS A FEATURE OF THE MARK.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "HEALTH", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF A MISCELLANEOUS DESIGN IN LIGHT BLUE AND DARK BLUE OVER THE WORDS "ICELAND HEALTH", WHERE "ICELAND" IS IN LIGHT BLUE AND DARK BLUE AND "HEALTH" IS IN DARK BLUE.

SER. NO. 85-187,774, FILED 11-30-2010.

JOHN GARTNER, EXAMINING ATTORNEY



*Director of the United States Patent and Trademark Office*

# Exhibit C

# United States of America

## United States Patent and Trademark Office

ICELAND HEALTH OMEGA
ULTIMATE SHIELD

**Reg. No. 3,981,178**

**Registered June 21, 2011**

**Int. Cl.: 5**

**TRADEMARK**

**PRINCIPAL REGISTER**

ICELAND HEALTH, INC. (FLORIDA CORPORATION)
1301 SAWGRASS PARKWAY
SUNRISE, FL 33323

FOR: DIETARY AND NUTRITIONAL SUPPLEMENTS CONTAINING OMEGA-3 FATTY ACIDS, IN CLASS 5 (U.S. CLS..6, 18, 44, 46, 51 AND 52).

FIRST USE 10-25-2010; IN COMMERCE 11-8-2010.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 2,784,439.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "HEALTH OMEGA", APART FROM THE MARK AS SHOWN.

SER. NO. 85-157,981, FILED 10-21-2010.

JOHN GARTNER, EXAMINING ATTORNEY



David J. Kappos

Director of the United States Patent and Trademark Office